**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**RIVERSIDE DIVISION**

In re:                                ) Case No. 6:08-bk-11152-PC
                                      )
                                      ) Chapter 13
                                      )
ARTURO RAMIREZ,                       ) **MEMORANDUM DECISION**
                                      )
                                      ) Date: March 4, 2009
                                      ) Time: 1:30 p.m.
                                      ) Place: United States Bankruptcy Court
                                      )        Courtroom # 304
              Debtor.                 )        3420 Twelfth Street
                                      )        Riverside, CA 92501

Arturo Ramirez ("Debtor") seeks an order vacating this court's Order Granting Motion for Relief from the Automatic Stay entered on June 13, 2008 ("Order"). US Bank National Association fka Wachovia Bank, N.A. as Trustee Pooling and Service Agreement dated as of November 1, 2004. Asset-Backed Pass-Through Certificates Series 2004-WWF1 ("US Bank") opposes the motion. At the hearing, Michael T. Stoller appeared for the Debtor and Angela M. Fontanini and Mark D. Estle appeared for US Bank. The court, having considered the pleadings, evidentiary record, and arguments of counsel, makes the following findings of fact and conclusions of law[1] pursuant to F.R.Civ.P. 52(a)(1), as incorporated into FRBP 7052 and made applicable to contested matters by FRBP 9014(c).

---

[1] To the extent that any finding of fact is construed to be a conclusion of law, it is hereby adopted as such. To the extent that any conclusion of law is construed to be a finding of fact, it is hereby adopted as such.

## I. STATEMENT OF FACTS

On February 4, 2008, Debtor filed his voluntary petition under chapter 13 of the Bankruptcy Code.[2] Debtor is represented by an attorney, Michael T. Stoller ("Stoller"), who disclosed his address in the voluntary petition as "5747 Hoback Glen Road, Hidden Hills, CA 91302."[3] In the schedules filed with the petition, Debtor disclosed that he owned certain real property and improvements at 52712 Shady Lane, Coachella, CA[4] ("Coachella Property") valued at $205,000, encumbered by a first deed of trust lien securing a debt of $85,951. Debtor listed the holder of the lien in Schedule D as "Americas Servicing Co., 7485 New Horizon Way, Frederick, MD 21703." At a hearing on April 4, 2008, the court confirmed the Debtor's chapter 13 plan which provided, in pertinent part, that Debtor would pay each postpetition mortgage payment directly to Americas Servicing Company ("ASC") outside the plan and cure the $5,667 prepetition mortgage arrearage to ASC in monthly payments of $192.08. An Order Confirming Chapter 13 Plan was entered in the case on April 8, 2008.

On April 11, 2008, ASC filed a proof of claim in the amount of $106,779.50 secured by a deed of trust lien against the Coachella Property. ASC's proof of claim lists the prepetition

---

[2] Unless otherwise indicated, all "Code," "chapter" and "section" references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1330 after its amendment by the Bankruptcy Abuse and Consumer Prevention Act of 2005, Pub. L. 109-8, 119 Stat. 23 (2005). "Rule" references are to the Federal Rules of Bankruptcy Procedure ("F.R.Civ.P."), which make applicable certain Federal Rules of Civil Procedure ("FRBP").

[3] At the hearing on March 4, 2009, Stoller confirmed that his address of record has not changed since the filing of the Debtor's voluntary petition.

[4] Debtor also disclosed his street address in the voluntary petition as "52712 Shady Lane, Coachella, CA 92236." Debtor did not list a different mailing address in the voluntary petition nor has Debtor filed a notice of a change of address pursuant to FRBP 4002(a)(5).

-2-

arrearage as $11,059.78. Attached to ASC's proof of claim is a copy of a Deed of Trust executed by Debtor to Argent Mortgage Company, LLC dated September 17, 2004, to secure payment of a note in the original principal sum of $88,000, together with an Assignment of Deed of Trust by Argent Mortgage Company, LLC to US Bank dated January 4, 2008. According to the proof of service filed by ASC on April 11, 2008, Debtor and Stoller were each served with a copy of ASC's proof of claim at their respective addresses of record in the case on April 11, 2008.

On May 2, 2008, US Bank filed a motion seeking relief from the automatic stay as to the Coachella Property for "cause" pursuant to 11 U.S.C. § 362(d)(1). The motion was supported by the declaration of Teressa J. Williams, a custodian of records for ASC, the authorized loan servicing agent for US Bank, stating that the Debtor was delinquent 2 postpetition payments of $1,002.31 each, plus late charges of $85.26, for a total postpetition delinquency of $2,089.88 pursuant to the Debtor's confirmed plan. The proof of service attached to the motion states that Debtor and Stoller were each properly and timely served with a copy of the motion and notice of hearing at their respective addresses of record in the case on May 2, 2008. The docket indicates that Stoller was also notified electronically by the court upon the filing of the motion at mikestoller@earthlink.net. Debtor did not respond to the motion nor appear at the hearing on the motion. The Order was entered on June 13, 2008, granting US Bank relief from the stay pursuant to 11 U.S.C. § 362(d)(1). Debtor and Stoller were each served with a copy of the *proposed* order at their respective addresses of record in the case on June 6, 2008, according to the proof of service attached to the order dated June 6, 2008. According to the docket, Stoller was also notified electronically by the court upon entry of the order at mikestoller@earthlink.net. Debtor and Stoller were then each served by the court with notice of the *entered* order at their respective

- 3 -

addresses of record on June 15, 2008.

On July 10, 2008, a Notice of Trustee's Sale was recorded as Document # 2008-0378441 in the Official Records, Riverside County, California, setting a foreclosure sale of the Coachella Property for July 29, 2008.[5] On July 29, 2008, a foreclosure sale was held and US Bank purchased the Coachella Property at foreclosure for the sum of $84,435. On August 1, 2008, a Trustee's Deed Upon Sale was recorded as Instrument # 2008-0424266 in the Official Records, Riverside County, California.

On August 13, 2008, US Bank served the Debtor with a Notice to Quit. When the Debtor failed to vacate the premises, US Bank filed a Verified Complaint for Unlawful Detainer in Case No. INU002336, styled U.S. Bank National Association v. Ramirez, in the Superior Court of California, County of Riverside, on October 22, 2008. Debtor failed to answer or otherwise respond to the complaint. On November 24, 2008, a Judgment was entered awarding possession of the Coachella Property to US Bank and authorizing issuance of a writ of possession.

On February 13, 2009, Debtor filed his motion seeking to vacate the Order together with an application to have the matter heard on shortened notice. On February 18, 2009, the court granted the Debtor's application for an order shortening time pursuant to LBR 9075-1(b), and set the matter for hearing on March 4, 2009. US Bank timely filed written opposition to the motion. After a hearing on March 4, 2009, the matter was taken under submission.

## II. DISCUSSION

The court has jurisdiction over this contested matter pursuant to 28 U.S.C. §§ 157(b) and

---

[5] ASC had previously recorded a Notice of Default and Election to Sell Under Deed of Trust as Instrument # 2007-0563533 in the Official Records, Riverside County, California, on September 4, 2007.

-4-

1334(b). Debtor's motion is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (G) and (O). Venue is appropriate in this court. 28 U.S.C. § 1409(a).

Rule 60(b)(1) allows relief from a judgment or order when the moving party establishes "mistake, inadvertence, surprise, or excusable neglect . . . ."[6] In deciding whether to grant relief under Rule 60(b)(1) in the context of a default judgment, the court examines three factors: (1) whether the defendant's culpable conduct led to the default; (2) whether the defendant had a meritorious defense; and (3) whether reopening the default judgment would prejudice the plaintiff. Franchise Holding II, LLC v. Huntington Restaurants Group, Inc., 375 F.3d 922, 925-26 (9th Cir. 2004), cert. denied, 544 U.S. 949 (2005); Morris Motors v. Peralta (In re Peralta), 317 B.R. 381, 388 (9th Cir. BAP 2004). Because these factors are in the disjunctive, the court may deny the motion and refuse to grant relief if any one of the three factors is satisfied. Franchise Holding, 375 F.3d at 926. The party seeking to set aside the default bears the burden of establishing that these factors favor vacating the judgment. See Peralta, 317 B.R. at 388.

In this case, Debtor asks the court to vacate its Order "which was unopposed due to counsel's mistake, inadvertence and or excusable neglect." Debtor argues that Stoller "did not receive US Bank's motion and therefore no opposition was filed which resulted in the court's June 13, 2008 order," and further, that Debtor was unaware US Bank held the note and deed of

---

[6] Rule 60(b) states, in pertinent part:

> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect; . . .

F.R.Civ.P. 60(b)(1). With few exceptions, Rule 60(b) "applies in cases under the Code." FRBP 9024.

- 5 -

trust lien on the Coachella Property until February 4, 2009. The facts and circumstances alleged by Debtor do not equate to mistake or inadvertence. The court must determine whether the Debtor's claim of failure to receive notice constitutes excusable neglect.

In determining whether to grant relief from a judgment or order obtained by default, the factors weighed by the court to find either "culpability" or "excusable neglect" are similar and include the danger of "prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Peralta, 317 B.R. at 388 (quoting Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship., 507 U.S. 380, 395 (1993)). The Supreme Court in Pioneer described excusable neglect as an "elastic concept," but explained that "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect.'" 502 U.S. at 392. The Court also reiterated that clients must be "held accountable for the acts and omissions of their chosen counsel." Id. at 396.

In considering whether a movant has established a potentially meritorious defense, the movant's factual assertions are accepted as true, but "mere legal conclusions, general denials, or simple assertions that the movant has a meritorious defense" are insufficient to justify vacating a default judgment. Hammer v. Drago (In re Hammer), 112 B.R. 341, 345 (9th Cir. BAP 1990), aff'd, 940 F.2d 524 (9th Cir. 1991) (quoting In re Stone, 588 F.2d 1316, 1319 (10th Cir. 1978).

Service is complete upon mailing which creates a presumption that it was received by the addressee. Peralta, 317 B.R. at 386 ("The mailing of a properly addressed and stamped item creates a rebuttable presumption that the addressee received it."). "A certificate of mailing raises the presumption that the documents sent were properly mailed and received." Id. Cf. Cossio v.

Cate (In re Cossio), 163 B.R. 150, 154 (9th Cir. BAP 1994), *aff'd*, 56 F.3d 70 (9th Cir. 1995) (observing that FRBP 7004(b)(9) "does not require actual receipt by the person being served"). "These evidentiary presumptions are sufficient to establish the prima facie case that satisfies a plaintiff's burden to establish personal jurisdiction." Peralta, 317 B.R. at 386. The presumption can only be overcome by clear and convincing evidence. Moody v. Bucknum (In re Bucknum), 951 F.2d 204, 207 (9th Cir. 1991); Peralta, 317 B.R. at 386.

In this case, Debtor's motion is not supported by any evidence other than a document entitled "Declaration of Michael T. Stoller in Support of Notice of Motion and Motion to Set Aside Order and to Stay Eviction Proceeding." Stoller's declaration is not signed under penalty of perjury.[7] Even if the court was to consider Stoller's declaration as admissible evidence, the declaration does not satisfy the threshold of "clear and convincing evidence" necessary to rebut the presumption that US Bank's motion was properly mailed and received by Stoller and Debtor. "To allow a simple denial of receipt, standing alone, to rebut the presumption would be to destroy the presumption entirely." Shilling v. O'Bryan (In re O'Bryan), 246 B.R. 271, 277 (Bankr. W.D. Ky. 1999). Debtor asserts that he has a meritorious defense to US Bank's motion for relief from stay. However, the court need not consider this issue because Debtor did not meet its initial burden of establishing excusable neglect. The court understands the strong preference for deciding matters on the merits, but believes in the "equally important policy in favor of

---

[7] "Wherever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same . . , such matter may with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated . . . ." 28 U.S.C. § 1746 (emphasis added).

preserving the finality of judgments, even if they are rendered by default. <u>Vaughan v. Mortgage Lenders Network (In re Bradbury)</u>, 310 B.R. 313, 320 (Bankr. N.D. Ohio 2003).

### III. CONCLUSION

Because Ramirez has failed to overcome the presumption of receipt that arises from the certificates of mailing, the court finds that Ramirez has not discharged his burden to establish that his failure to timely file a response to US Bank's motion for relief from stay was the result of excusable neglect. Accordingly, Ramirez' motion to set aside the Order and to stay an unlawful detainer action pending in state court is denied.

The court will enter a separate order consistent with this opinion.

Dated: March 13, 2009

PETER H. CARROLL
United States Bankruptcy Judge

-8-

| In re: | | CHAPTER: |
|---|---|---|
| | Debtor(s). | CASE NUMBER: |

### NOTE TO USERS OF THIS FORM:
1) Attach this form to the last page of a proposed Order or Judgment. Do not file as a separate document.
2) The title of the judgment or order and all service information must be filled in by the party lodging the order.
3) **Category I.** below: The United States trustee and case trustee (if any) will always be in this category.
4) **Category II.** below: List ONLY addresses for debtor (and attorney), movant (or attorney) and person/entity (or attorney) who filed an opposition to the requested relief. DO NOT list an address if person/entity is listed in category I.

## NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*) _____MEMORANDUM DECISION_____
_was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

**I. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of_3/13/09____, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

☒ Service information continued on attached page

**II. SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

☐ Service information continued on attached page

**III. TO BE SERVED BY THE LODGING PARTY:** Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s), and/or email address(es) indicated below:

☐ Service information continued on attached page

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*     **F 9021-1.1**

| In re: | | CHAPTER: |
|---|---|---|
| | Debtor(s). | CASE NUMBER: |

**ADDITIONAL SERVICE INFORMATION** (if needed):

# ELECTRONIC

- Rod (PC) Danielson    notice-efile@rodan13.com
- Mark D Estle    mdestle@estlelaw.com
- Angela M Fontanini    ecfcacb@piteduncan.com
- Eddie R Jimenez    ecfcacbla@piteduncan.com
- Elizabeth A Lossing    elizabeth.lossing@usdoj.gov
- Michael T Stoller    mikestoller@earthlink.net, petitionfiler2008@yahoo.com
- United States Trustee (RS)    ustpregion16.rs.ecf@usdoj.gov

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009    **F 9021-1.1**